IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERYL MURPHY,

                Plaintiff,

          v.

CHRISTINA SCHOOL DISTRICT,

                Defendant.

Civil Action No. 23-1328-CFC

---

Ronald G. Poliquin, THE POLIQUIN FIRM, Dover, Delaware

    *Counsel for Plaintiff*

Michael P. Stafford, YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, Delaware; James H. McMackin, III, Allyson M. Britton, MORRIS JAMES LLP, Wilmington, Delaware

    *Counsel for Defendant*

## **MEMORANDUM OPINION**

March 10, 2025
Wilmington, Delaware

_____

COLM F. CONNOLLY

CHIEF JUDGE

Pending before me is the Motion to Dismiss Plaintiff's Complaint under [Federal Rule of Civil Procedure] 12(b)(5), D.I. 6, filed by Defendant Christina School District (the District). Rule 12(b)(5) permits a defendant to assert by motion the defense of insufficiency of service of process.

I.

Plaintiff Sheryl Murphy was employed by the District as a K-12 Science Curriculum Specialist at all times relevant to this action. In June 2022, Murphy filed a Charge of Discrimination against the District with the Delaware Department of Labor (DOL). D.I. 1-4 at 1, 6. She alleged in the Charge the same claims she alleges in the Complaint she filed pro se in this action—that the District discriminated against her on account of her disability (i.e., compromised immunity resulting from chemotherapy) when it refused her request to work remotely and then unlawfully retaliated against her for making that request when it forced her to use Family Medical Leave Act leave in October 2021. D.I. 1 at 2; D.I. 1-4 at 4.

On August 23, 2023, after having "conducted an investigation" and determined that there was "no reasonable cause to believe that an unlawful employment practice has occurred," the DOL informed Murphy in a "Final Determination and Right to Sue Notice" that it had dismissed the Charge and that

Murphy was authorized to file a civil action within ninety days (i.e., no later than November 21, 2023). D.I. 1-3 at 1–2.

Murphy filed her Complaint pro se in this action on November 20, 2023. D.I. 1 at 1–3. The Clerk of the Court provided Murphy that day with a summons to serve her Complaint on the District. *See generally* No. 23-1328-CFC (noting that on November 20, 2023 a blank summons and privacy notice were provided to plaintiff). Murphy herself never served the District with the summons.

On February 13, 2024, Ronald G. Poliquin entered his appearance as Murphy's counsel. D.I. 3. On March 6, 2024, Poliquin sent the District's general counsel a request to waive service and a copy of the filed complaint and exhibits. D.I. 7-2. Poliquin arranged for DM Professional Services to obtain the summons for Murphy's Complaint on March 11, 2024. *See* D.I. 8 at 1. On March 14, 2024, the District filed the pending motion to dismiss. D.I. 6. The following day, DM Professional Services served the District with the summons and Complaint. *See* D.I. 8 at 1.

II.

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own

2

> after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that
> service be made within a specified time.  But if the
> plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

It is undisputed that Murphy failed to serve the District with the Complaint

and summons within the 90-day window required by Rule 4(m).  Murphy filed the

Complaint on November 20, 2023.  D.I. 1.  Thus, the ninety-day window ended on

February 18, 2024.  She did not serve the District until twenty-six days later

(March 15, 2024).  D.I. 8.  Murphy argues, however, that she "can show good

cause for the delay," D.I. 9 at 2, and that even if she cannot make that showing, I

should exercise my discretion and grant her an extension of time to effect service,

D.I 9 at 4.

Courts consider three factors in determining whether good cause exists:

(1) whether the plaintiff reasonably attempted to effect service; (2) whether the

defendant is prejudiced by the absence of timely service; and (3) whether the

plaintiff moved for an extension of time for effective service.  *United States v.

Nuttall*, 122 F.R.D. 163, 166–67 (D. Del. 1988).

With respect to the first factor, Murphy has not alleged, let alone

demonstrated, that she ever tried to serve the District when she was pro se.  And

Poliquin, who entered his appearance in this action on February 13, 2024, has not

3

alleged, let alone demonstrated, that he ever tried to serve the District with a summons on or before the February 18 deadline. Thus, from the record before me, it appears that Murphy and Poliquin made no attempt, let alone a reasonable attempt, to timely serve the District.

Poliquin also made no effort before February 18, 2024 to seek an extension of time to effect service. Although Poliquin acknowledges that he "should have requested an extension of time or properly served the Complaint before the 90 days expired," D.I. 9 at 6, he has offered no explanation, let alone a justification, for his failure. Thus, Murphy has also failed to satisfy the third factor.

In light of these utter and unjustified failures, even if the District suffered no prejudice from Murphy's late service of the summons, Murphy cannot show good cause for her failure to comply with Rule 4(m) and I am not required under Rule 4(m) to "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

That finding, however, does not end the matter. In the absence of a good cause showing under Rule 4(m), the court "must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) ("If . . . good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice

or extend time for service."). Whether to dismiss the case without prejudice or grant an extension of time for service is momentous here because the DOL's Final Determination and Right to Sue Notice authorized Murphy to bring a civil action no later than November 21, 2023. Thus, a dismissal without prejudice would effectively bar Murphy from pursuing her discrimination claims. It is not surprising, then, that the District asks me to dismiss the case without prejudice, and Murphy asks me to grant her an extension of time to effect service. D.I. 7 at 1; D.I. 9 at 4.

The Advisory Committee Notes to Rule 4 provide a non-exhaustive list of "factors the district court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause." *Petrucelli*, 46 F.3d at 1305. The factors identified in the Notes are whether the applicable statute of limitations has run, whether the defendant has "evad[ed] service or conceal[ed] a defect in attempted service," whether an extension would "correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations," and whether an extension would "protect [a] pro se plaintiff[] from consequences of confusion or delay attending the resolution of an in forma pauperis petition." Fed. R. Civ. P. 4(m) advisory committee note (1993). Other factors a district court may consider include "actual notice of the legal action; prejudice to the

5

defendant; . . . the conduct of the defendant; and whether the plaintiff is

represented by counsel." *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x. 113,

116 (3d Cir. 2009).

The District argues that an extension is not warranted here because "[t]he

District did not have actual notice of the action; turnover [in the District's staff]

has prejudiced the District; the 90-day statute of limitations is passed; the District

has not engaged in evasive action or misconduct; and [Murphy] is represented by

counsel." D.I. 11 at 3–4.  Murphy counters that an extension is warranted because

the District was aware of and defended against Murphy's discrimination claims in

the DOL investigation, D.I. 9 at 5; the delay in service was only twenty-six days

and did not cause the District any prejudice, D.I. 9 at 6; and the ninety-day statute

of limitations has passed, D.I. 9 at 5.  Murphy argues that "the sanction of

dismissal is too severe" and asks that I "consider other options to remedy any

prejudice [suffered by the District,] including the extension of time for a

responsive pleading or perhaps the payment of attorney fees for filing [the

District's] Motion to Dismiss."  D.I. 9 at 6.

In my view, the District protests too much when it complains that it did not

have actual notice of Murphy's claims and that it is prejudiced by turnover in staff.

In its reply brief, the District concedes that it "was aware of" Murphy's DOL

proceeding and does not dispute Murphy's assertion that the District defended

itself against those claims in the DOL proceeding. D.I. 11 at 3. (The DOL stated in its Final Determination and Right to Sue Notice that it had "conducted an investigation." D.I. 1-3 at 1. Because the DOL determined that there was "no reasonable cause to believe that an unlawful employment practice has occurred," D.I. 1-3 at 1, I presume the District defended itself in that investigation.) The claims alleged in Murphy's Complaint are the same claims investigated by the DOL. Thus, the District effectively had notice in the summer of 2023 of the claims Murphy alleges here.

With respect to turnover in staff, the District says that "[s]ince the Complaint was filed in November, public records reflect that numerous individuals employed by the District have resigned or retired" and that "[m]any of these individuals likely ha[ve] knowledge relevant to the action." D.I. 7 at 4. The delay in service of the summons, however, was only twenty-six days; and the District does not identify any individual who left its employ within those twenty-six days who has knowledge relevant to the action and either would not cooperate with the District's lawyers or could not be compelled to provide relevant evidence pursuant to a subpoena. I am therefore not persuaded that "turnover [in staff] has prejudiced the District." D.I. 11 at 3–4.

I agree with the District that granting Murphy an extension of the time to serve the summons will cause it prejudice because the ninety-day deadline for

Murphy to file suit has passed.  But I do not agree that it would be unfair for the District to suffer that prejudice.  The District is correct that "[c]ourts in this Circuit have regularly recognized the importance of th[e] 90-day deadline" and that "[s]tatutes of limitations are intended to prevent undue prejudice to defendants resulting from the passage of time[.]"  D.I. 7 at 4.  Murphy, however, filed her Complaint before the ninety-day period had expired.  She complied with the applicable statute of limitations.  The problem is that her counsel failed to comply with Rule 4(m).

The Advisory Committee Notes state that "even if there is no good cause shown" for a plaintiff's failure to comply with Rule 4(m), "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action."  Fed. R. Civ. P. 4(m) advisory committee note (1993).  Such relief is especially justified here because Murphy's delay in service was minimal and the District has not alleged, much less shown, that Murphy's claims are frivolous.  "The Federal Rules are intended to be applied in such a way as to promote justice, and courts should strive to resolve cases on their merits whenever possible."  *Phillips v. Household Fin. Corp.*, 2007 WL 1830897, at *3 (citing *McCurdy v. American Bd. Of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)).  "Although justice also requires that the merits of a particular case be presented to the Court in a timely

8

fashion . . . [Murphy] should not be punished for an error committed by her counsel." *Id.*

In sum, even if it could be said that the District did not engage in evasive action or misconduct, I agree with Mr. Poliquin that "the sanction of dismissal is too severe" in these circumstances. I will therefore deny the District's motion to dismiss and give Murphy thirty days to effect service. I also agree with Mr. Poliquin's "suggest[ion]" that the payment of the attorney fees the District incurred in litigating its motion to dismiss is an appropriate way to recompense the District for the prejudice it suffered because of Mr. Poliquin's failure to comply with Rule 4(m). I will therefore order him to pay those fees. And to be clear, it is Mr. Poliquin, not his client, who will bear that burden.

III.

For the reasons stated above, I will deny the District's motion to dismiss (D.I. 6).

The Court will enter an Order consistent with this Memorandum Opinion.