IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERYL MURPHY,<br><br>                Plaintiff,<br><br>    v.<br><br>CHRISTINA SCHOOL DISTRICT,<br><br>                Defendant. | Civil Action No. 23-1328-CFC |

## MEMORANDUM ORDER

Pending before me is the Motion to Reduce Attorney Fees and Allow Payment Schedule, D.I. 19, filed by Plaintiff Sheryl Murphy through her counsel Ronald G. Poliquin.

On March 10, 2025, I issued an order requiring Poliquin to pay Defendant Christina School District (the District) by April 10, 2025 the reasonable attorney fees incurred by the District in litigating its motion to dismiss for failure to comply with Rule 4(m). D.I. 14. I imposed this requirement in part because of Poliquin's suggestion that payment of attorney fees would remedy any prejudice to the District caused by Poliquin's late service of process. D.I. 13 at 9; *see* D.I. 9 at 6.

On April 1, the District sent Poliquin an invoice for attorney fees of $8,730.00 for 29.2 hours. D.I. 19 ¶ 2; D.I. 19-1. On April 9, Poliquin filed this

motion, challenging "the reasonableness of the fee amount and hours involved" and requesting "a fifty percent reduction in the hours claimed as a reasonable amount in proportion to the work involved." D.I. 19 ¶¶ 3, 8. He also requests a 90-day period to fulfill the payment obligation to minimize financial hardship. D.I. 19 ¶ 9. The District opposes the request for a reduction in fees. D.I. 22.

Reasonable attorney fees are typically determined by the "lodestar" formula of "multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking attorney fees has the burden to prove that its request is reasonable and must submit evidence supporting the hours worked and rates claimed. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 433). Once the party carries its burden, the resulting product is presumed to be the reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The district court, however, has the "discretion to make certain adjustments to the lodestar." *Rode*, 892 F.3d at 1183. "The party seeking adjustment has the burden of proving that an adjustment is necessary." *Id.*

The District has submitted billing records with descriptions of tasks in connection with the motion that I find are sufficient to meet its burden. D.I. 19-1; *see Rayna P. v. Campus Cmty. Sch.*, 390 F. Supp. 3d 556, 562 (D. Del. 2019) (finding billing records for items such as "research case law governing statute of

2

limitations" and "in-person discussion with counsel" sufficiently specific). Poliquin argues that the District's requested $8,730.00 in attorney fees "seems to be excessive in relation to the complexity of the work" because the "legal issues" and "facts" were "straightforward." D.I. 19 ¶¶ 4–7. Poliquin provides no evidence to support these conclusory statements, so he has not met his burden, and I am not convinced that it was unreasonable for the District to spend 29.2 hours on a fully briefed motion to dismiss, including legal research, revisions, and correspondence with Poliquin and the client. *See Foltz v. Delaware State Univ.*, 70 F. Supp. 3d 699, 704 (D. Del. 2014) (finding "no support" for the argument that "counsel should have not needed the amount of time they took to conduct research, mediate, and brief this motion"). Poliquin's requested 50% reduction in attorney fees also appears to be pulled out of thin air rather than tethered to specific reasons.[1]

Accordingly, I will decline to reduce the attorney fees. I will, however, also decline to require Poliquin to pay the District's fees incurred in connection with responding to this motion to reduce fees, as I find the $8,730.00 in fees that Poliquin must pay already is significant and sufficient to serve the purpose of reducing prejudice to the District. *See Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53

---

[1] Poliquin does not challenge the reasonableness of the charged hourly rates. *See generally* D.I. 19.

(3d Cir. 1978) ("[A]ttorneys *may* be awarded . . . compensation for the expenses of and time spent litigating the issue of a reasonable fee.") (emphasis added).

\*\*\*

NOW THEREFORE, at Wilmington on this Eighteenth day of September in 2025, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Reduce Attorney Fees and Allow Payment Schedule (D.I. 19) is GRANTED-IN-PART and DENIED-IN-PART;

2. Plaintiff's request for a reduction in attorney fees is DENIED; and

3. Plaintiff is GRANTED ninety days from the date of this Order to pay Defendant the attorney fees.

_____
CHIEF JUDGE